UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MASSIMO POLIERO,

                Petitioner,

    - against -                                  **O R D E R**
                                                           09 CV 2682 (RRM)

BARBARA CENTENARO,

                Defendant.

----------------------------------------------------------X

The Court has reviewed the arguments and the cases cited by the parties relating to: (1) respondent's motion to dismiss, and (2) respondent's request to have the Court interview the two older children, Paolo Poliero and Miriam Poliero, in camera.

With respect to the motion to dismiss, the Court finds that under Gitter v. Gitter, the petitioner has the initial burden to establish that the habitual residence of the children is their country of origin based on "the intentions of the parents as of the last time that their intentions were shared." 396 F.3d 124, 132 n.7 (2d Cir. 2005). Here, the Court finds that petitioner has satisfied his initial burden to present sufficient evidence relating to the parents' joint intent to return to Italy, as of the last time in which the parents were in agreement, to satisfy his initial burden as to the children's habitual residence.

Respondent argues correctly that there is a second prong to the test set out in Gitter and that is for the court to determine whether "the child has become [so] acclimatized to his new surroundings . . . that his habitual residence has consequently shifted." Id. at 133. Although

respondent argues that petitioner has failed to present any evidence in this regard,[1] it would be illogical to require petitioner to make an affirmative showing that the children have not become acclimatized to their new country. Rather, Gitter suggests that once a determination as to habitual residence is made, respondent may show that the children have become so acclimatized to the new country that such acclimatization overrides the parents' intent. The example proposed by Gitter to demonstrate an instance in which the child's habitual residence may be found to have shifted as a result of acclimatization relates to a child who has been residing in the new country for 15 years even though the parents moved to that new country with every intention of returning to the child's country of origin. See Mozes v. Mozes, 239 F.3d 1067, 1081 n.42 (9th Cir. 2001). Thus, although respondent will be permitted to present evidence regarding acclimatization, at this time, the Court denies respondent's motion to dismiss the petition.

---

[1] Actually, petitioner has presented evidence demonstrating that the family has returned to Italy for significant periods of time during the children's school vacations between July 2007 and the present.

With respect to the question of interviewing the children, petitioner cites, among other things, a footnote in Gitter to argue that it is improper for the Court to interview the children regarding the question of acclimatization. Id. at 132 n.7. With all due respect to counsel, the Court reads that footnote differently and concludes that the decision suggests that interviewing the children could provide the Court with "objective facts" to determine whether the children have become "acclimatized to [their] new surroundings and that [their] habitual residence has consequently shifted." Id. at 133-34. Accordingly, the Court hereby ORDERS that Paolo and Miriam Poliero shall be made available on Tuesday, August 11, 2009 at 1:00 p.m. for an in camera interview on the record but outside the presence of the parties.

**SO ORDERED.**

Dated: Brooklyn, New York
August 11, 2009

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York