UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
*In the Matter of four infant children*

MASSIMO POLIERO,

               Petitioner,

      - against -

BARBARA CENTENARO,

               Respondent.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ SEP 1 1 2009 ★

P.M. _____
TIME A.M. _____

ORDER
09-CV-2682 (RRM) (CLP)

MAUSKOPF, United States District Judge.

Petitioner commenced this action on June 23, 2009 by filing a petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89, reprinted in 51 Fed. Reg. 10,494 (Mar. 26, 1986), implemented by the International Child Abduction Remedies Act (ICARA), 42 U.S.C. § 11601 *et seq.* (2000). On July 1, 2009, this Court referred the matter to the Honorable Cheryl L. Pollak, United States Magistrate Judge, to conduct a hearing and issue a Report and Recommendation on the petition.

Having read (1) transcripts of the proceedings before Magistrate Judge Pollak, including the *in camera* interviews with the parties' children, together with the exhibits introduced during the hearing; (2) the Report and Recommendation (Docket No. 34); (3) Respondent's objections to the Report and Recommendation (Docket Nos. 40 and 41); and (4) Petitioner's response thereto (Docket No. 42), and having reviewed *de novo* Magistrate Judge Pollak's Report and Recommendation that the petition be granted and the parties' children returned to their habitual residence, Italy; and having held oral argument on the objections this day, the Court now ORDERS as follows:

1

## I. The Report and Recommendation is adopted in its entirety

Having reviewed *de novo* Magistrate Judge Pollack's findings (1) that the parties' most recent shared intent with respect to their children's residence was that they reside in Italy, and (2) that the evidence does not unequivocally point to the conclusion that the children had acclimatized to their new location and thus acquired a new habitual residence – together with Magistrate Judge Pollak's concomitant holding that the children are "habitually resident" in Italy for purposes of the Hague Convention and ICARA – the Court concurs with Magistrate Judge Pollak's rulings for the reasons set forth in her Report and Recommendation, and as discussed on the record of proceedings held earlier today.[1]

Because (1) the children were habitually resident in Italy and have been retained in the United States; (2) the retention was in breach of Petitioner's custody rights under Italian law; and (3) Petitioner was exercising his rights at the time of retention, Magistrate Judge Pollak properly recommended that Petitioner prevail on his claim under the Hague Convention and ICARA. *See Gitter v. Gitter*, 396 F.3d 124, 131 (2d Cir. 2005).

Contrary to Respondent's objections, Magistrate Judge Pollak applied the proper legal standards and construed the evidence presented thoughtfully, fairly, and correctly. Respondent's objection concerning Magistrate Judge Pollak's discovery-related orders is untimely, see Fed. R. Civ. P. 72(a), and both that objection and the objection concerning certain evidentiary rulings made during the hearing are without merit.

For the foregoing reasons, the Report and Recommendation is adopted in its entirety.

---

[1] Respondent objects only to those portions of the Report and Recommendation – both the facts and the law – addressing the habitual residence of the children, and those portions are reviewed *de novo*. All other portions are reviewed for clear error, and this Court finds none.

## II. Judgment shall enter in favor of Petitioner

Having adopted the Report and Recommendation in its entirety, it is hereby ORDERED that Respondent or any other person having actual custody and control of Ester Poliero, Giovanni Poliero, Miriam Poliero, and Paolo Poliero (the "children") who has actual notice of this Order shall immediately return the children to their habitual residence in Italy and into the custody of their father, Petitioner Massimo Poliero. The children's passports, currently in the possession of the Clerk of the Court, shall be released into Petitioner's custody at 10:00 a.m. on Monday, September 14, 2009. Petitioner shall contact the Courtroom Deputy Clerk to arrange for such release. No further court appearance is necessary.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: Brooklyn, New York
September 11, 2009

ROSLYNN R. MAUSKOPF
United States District Judge